In the Matter of CLAIRMONT MILLS, INC., Petitioner, v. NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, November 4, 1960.

*Willkie Farr Gallagher Walton & Fitzgibbon (Robert B. Hodes* and *Thomas N. Tarleau* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Edwin R. Oberwager* and *Paxton Blair* of counsel), for respondent.

GIBSON, J. In this proceeding under article 78 of the Civil Practice Act, we review a determination of the State Tax Commission which sustained franchise tax assessments imposed under article 9-A of the Tax Law for the years 1952 and 1953. The commission has found that petitioner, a New York corporation, did not maintain an office outside New York and that its only operating assets consisted of textile mill machinery located in South Carolina which it acquired for resale, pending which the machinery was leased to a South Carolina mill which, in addition to payment of rental, stored and took care of that part of the machinery not used by it.

The commission thereupon held that petitioner did "not have a regular place of business outside New York" within the meaning of section 210 of the Tax Law (subd. 3, par. [a], cl. [4]) providing that in such case "the business allocation percentage shall be one hundred per cent", and of article 411 of article 9-A of the Rules and Regulations of the Department of Taxation and Finance defining a "regular place of business" as "any bona fide office (other than a statutory office), factory, warehouse, or other space which is regularly used by the taxpayer in carrying on its business." (N. Y. Off. Comp. of Codes, Rules & Regulations [5th Supp.], p. 750.)

Petitioner does not dispute the liability of a taxpayer, with no place of business outside the State, who derives income from leasing his property outside the State (*Matter of L. C. L. Corp. v. State Tax Comm.,* 8 A D 2d 658, 659, motion for leave to appeal denied 7 N Y 2d 709); but contends that in this case the "rental obtained * * * was only incidental to the storage arrangement which was a part of the means of selling the machinery", claimed to be the corporation's "principal purpose and activity", and that its lessee's factory was "other space * * * regularly used by the taxpayer in carrying on its

business '', in the language of the regulation hereinbefore cited. However, there may be found little or no support for petitioner's argument in the lease itself. This is a long, carefully drawn and greatly detailed instrument dealing almost exclusively with the manifold aspects of the lease arrangement. The rental is $17,500 per year and the term five years and two months, but the lease is subject to cancellation by the lessor on four months' notice. There is no reference whatsoever, unless inferentially, to the supposed storage arrangement and no indication that the lessee takes any part of the property (listed at great length) for any purpose other than actual use. Neither do we find in the testimony any suggestion as to the amount, nature or proportionate value of the machinery, if any, stored and not used nor any intimation that the agreed rental was less than a fair rental price for the actual use of all the machinery. In seeming contradiction of petitioner's contention as to its contemplated selling activities are the provisions for access to the machinery during this long term — by the lessor '' *at all times* * * * for the purpose of inspecting and examining the same and to determine its condition '' (emphasis supplied) and by the lessor '' and prospective purchasers or lessees of the machinery '' during the last *two months* of the term and a grace period thereafter. The determination was, in our view, supported by substantial evidence.

We perceive no constitutional issue arising upon the commission's application of the statute in this case, and indeed the basis upon which petitioner would argue denial of equal protection — i.e., a differentiation between a taxpayer paying cash for storage space and one paying in some other medium — does not exist.

The determination should be confirmed, with $50 costs.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Determination confirmed, with $50 costs.